## Lee S. Noonan v. George M. Noonan.

## Shaver v. George M. Noonan.

(Decided January 23, 1925.)

### Appeals from Campbell Circuit Court.

1. Trusts—Trustee's Grantee to whom Trustee Conveyed Property in Violation of Trust Held Property in Trust for Beneficiary.— Where trustee, to whom property had been conveyed with distinct understanding that it should be reconveyed on grantor's demand, conveyed property to third party without knowledge and without specific direction from grantor, third party held it in trust for such grantor, since trust character of transaction followed property into third party's hands.

2. Divorce—Wife Held Entitled, on Granting of Divorce to Husband, to Half Interest in Remainder Conveyed to Husband and Wife Jointly.—Where remainder in property in which husband had life estate was conveyed by remainderman jointly to husband and wife in consideration of their agreement to care for and support one of the remaindermen, an invalid, during his lifetime, and where wife in fact cared for such remaindermen prior to his death, wife, on granting of divorce to husband, was entitled to her one-half interest in remainder, though she was not entitled to alimony.

HOWARD M. BENTON for appellants.

HORACE W. ROOT for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming in part and reversing in part.

Appellant, Lee S. Noonan, and appellee, George M. Noonan, were married in March, 1914, and during most of the time from then until May, 1922, when they separated, appellant, Elizabeth Shaver, mother of Lee S. Noonan, lived with them in their home at Newport.

In July, 1922, Lee S. Noonan filed her action for divorce against appellee upon the ground of cruel and inhuman treatment. This action followed a separation in May, 1922, at which time a separation agreement was entered into.

The defendant in his answer, counterclaim and cross-petition denied the grounds of divorce asserted by his wife, and by way of counterclaim himself sought divorce upon the ground of lewd and lascivious conduct by his wife, the plaintiff. In addition, by way of cross-petition he made Elizabeth Shaver and one Brown defendants, and alleged in substance that he had a life estate in the home in Newport, at which he and his wife lived, under the will of his deceased mother, and that two of his sisters and his brother Frank took the remainder; and he says that at his instance in December, 1919, his said brother and two sisters, the owners of the remainder interest in said property, conveyed the same to defendant, George M. Noonan, and the plaintiff, Lee S. Noonan, jointly and to the survivor in fee; and that plaintiff paid no part of the consideration therefor; that defendant caused said interest to be so conveyed to her by reason of the marriage relationship existing at the time between them, and without consideration passing from her except the love and affection which his brothers and sisters entertained for his wife. He then alleges that in March, 1920, he and his wife conveyed said property to Brown, in trust, with the agreement and understanding that the same should be re-conveyed to them jointly upon their joint request or demand; and that in July, 1920, his wife and the defendant, Elizabeth Shaver, induced Brown to convey the property to said Elizabeth Shaver by falsely and fraudulently representing to Brown that it was the will, desire and request of this defendant that the property should be so conveyed; and that such conveyance was so made without his knowledge or consent and against his will, and that he had not learned of the same until the last two or three months before the filing of his

answer. He prays for a divorce on his counterclaim, that the conveyance from Brown to Elizabeth Shaver be cancelled, and that the title to the property be adjudged to be in him.

Then in an amended answer, counterclaim and cross-petition he alleges that the deed from Brown to Elizabeth Shaver was made to her without consideration and without intention that the grantee therein should take the property beneficially, but with the purpose that she should only take the legal title and hold the same as trustee for the use and benefit of the plaintiff and defendant.

In her answer to the cross-petition appellant, Elizabeth Shaver, asserted absolute title to the property under the conveyance from Brown, and denied she held same in trust, or that the title was conveyed to her without knowledge, consent and direction of defendant, George M. Noonan.

The action in all its phases was elaborately prepared, and a very large volume of evidence taken which bore chiefly upon the grounds of divorce asserted by the husband and wife; and upon final submission the chancellor entered a judgment dismissing the plaintiff's petition and granting to defendant, George M. Noonan, a judgment of absolute divorce on his counterclaim. It was further adjudged that under the deed from George M. Noonan and Lee S. Noonan to Brown, and under the deed of Brown to Elizabeth Shaver, neither of such grantees took any beneficial interest in the property conveyed, but merely held the legal title in trust for the use and benefit of George Noonan and his wife. He further adjudged that Lee S. Noonan took under the deed the remainder interest without any valuable consideration passing from her, but solely from and through her husband, George M. Noonan, during the existence of the marriage relation, and in consideration and by reason thereof, and adjudged to appellee the full title to the property and directed that possession be given him.

From that judgment both the wife, Lee S. Noonan, and her mother, Elizabeth Shaver, appeal.

As to the grounds of divorce asserted by the wife and those asserted by the husband, it appears to be wholly unnecessary to go into the details of the evidence. It is sufficient to say that it shows that while the parties at times had disagreements, and more or less unpleasant things occurred between them, there was no such evidence of cruel or inhuman treatment by the husband as entitled

the wife to a divorce. On the contrary, the ground of divorce asserted by the husband appears to have been sustained; while there is no direct evidence of infidelity, there are numerous facts and circumstances detailed in the evidence which it would be unprofitable to recite, but which disclose a state of case apparently inconsistent with that high fidelity and correct demeanor which a man has a right to expect in his wife, and which facts and circumstances appear to evidence unfaithfulness. The finding, therefore, of the chancellor on this branch of the case must be and is approved.

It is likewise disclosed by the evidence, and which is fortified by every fact and circumstance in the case, that the conveyance by Noonan and wife to Brown conveyed to him no beneficial interest, but was made with the distinct understanding that the property should be reconveyed to the grantors upon their demand; likewise it is plain that when Brown, in violation of this trust, and apparently without the knowledge and without specific direction from George M. Noonan, conveyed the property to Elizabeth Shaver the trust character of the transaction followed it into her hands, and she likewise held it in trust.

The remaining question is whether the chancellor, under our statutes about property rights between divorced persons, should not have restored to appellant, Lee S. Noonan, her interest in the remainder interest conveyed to her and her husband jointly, and to the survivor in fee, by the deed from George M. Noonan's brother and sisters. The wife was one of the grantees in that conveyance, and it was doubtless contemplated by the grantors that she in the capacity of nurse and housekeeper at the home where George M. Noonan's invalid brother lived, and was to live in the future, and which was the chief consideration for the conveyance of that remainder interest to them, would by the rendition of such service as housekeeper and nurse minister to the wants of the invalid brother, and would at least furnish one-half of the consideration therefor in the ways indicated. Not only does it appear to have been so contemplated, but the evidence satisfactorily shows that in fact for a long time before that deed was made, and until his death thereafter, she had in fact rendered such services to the invalid brother. That deed was made jointly to her and her husband during their marriage, and apparently contemplated that each of them would furnish

half the consideration; and as she did in fact do so, there appears no sound equitable reason why she should not upon divorce from her husband be restored to her interest in that remainder interest so conveyed to her.

In the very recent case of Pullins v. Pullins (January 20, 1925), a strikingly similar question was considered by this court. In that case during the marriage of the parties a conveyance of property was made to the wife in consideration of her agreement to support and care for two old people during their lives, and to provide decent burial for them at death; the husband and wife subsequently were divorced, and in an action between them thereafter involving the title to the land so conveyed during marriage to the wife, although the husband was not a grantee in that conveyance, it was held upon a showing by him that he had furnished a part of the consideration for the conveyance that under the provisions of section 2021 of the Ky. Stats., and section 425 of the Civil Code, he was entitled to have restored to him a one-half interest in the property so conveyed to the wife during marriage. The court said:

"It could not be maintained that, if while the marriage relation existed the land in question had been purchased from grantors for a money consideration, paid in whole or in part by the husband, upon the termination of the marriage relation by divorce he would not have been entitled to have restored to him the whole of or such an interest in the land as the portion of the purchase money paid by him bore to the whole, because unquestionably it would have been property obtained by her directly or indirectly from or through him during the marriage, in consideration or by reason thereof. We cannot understand that there is a distinction between a money consideration paid for the conveyance of real estate and a consideration paid by performing services and furnishing support."

In this case, as in that, the conveyance was made to the parties during the existence of the marriage relation in consideration of support and care theretofore given, and to be thereafter given, to the invalid brother. The fact that the wife in this case, unlike the husband in that case, was a grantee in the conveyance certainly makes a stronger equity for her than there was for the husband in the Pullins case. But the fact remains that in each

instance the property was acquired by reason of the existence of the marriage relation.

It follows therefore that the wife was properly denied alimony, but we cannot approve the action of the chancellor in depriving appellant, Lee S. Noonan, of her interest acquired under the conveyance to the remainder interest subject to the life estate of George M. Noonan. The judgment should have restored to George M. Noonan his life estate in the property which he held under his mother's will, and should have adjudged to each the husband and wife their interests in the remainder estate conveyed to them by the invalid brother and two sisters, and because of this error alone the judgment is reversed.

On the appeal of Elizabeth Shaver the judgment is affirmed, and on the appeal of Lee S. Noonan the judgment is reversed for the sole reason given and approved in all other respects.