## Fearington v. Fearington.

December 19, 1947.

W. Scott Miller, Judge.

John H. Dougherty and Funk, Chancellor & Darnell for appellant.

C. K. Helman for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee, Clara Fearington, instituted this action seeking divorce on the grounds of cruel and inhuman

treatment, and for a settlement of her property rights. She alleged that she and the defendant are the joint owners of certain property located at 4577 South First Street in Louisville of the approximate value of $6,000.

Appellant, as defendant below, filed answer and counterclaim, seeking divorce on the grounds of cruel and inhuman treatment. About four months later, however, he filed an amended answer and counterclaim seeking divorce on the grounds of adultery, and such lewd and lascivious conduct as proves appellee to be unchaste.

On trial of the cause the court below granted appellant a divorce on his grounds and adjudged that the parties were joint owners of the property on First Street.

The sole question presented by this appeal is whether or not the chancellor erred in adjudging the parties to be the joint owners of the real estate.

Considerable proof was submitted before a Commissioner who recommended that the divorce be granted as above, and that appellee be required to convey the property in question to appellant.

Obviously the appellant takes the position that the judgment of the chancellor adjudging appellee a joint owner of the property with appellant was nothing more nor less than the granting to her of a lump-sum alimony, since most of the brief is devoted to that question. The citations made by appellant are applicable were that question here for consideration. Since that is not the question, we are not particularly concerned with the conduct of the appellee as bearing on the question of alimony. Certainly it cannot be meritoriously argued that even where the husband is granted the divorce, as here, for a cause as stated herein, the wife should be divested of title to property she owned jointly with her husband.

In Woford v. Woford, 267 Ky. 787, 103 S. W. 2d 296, relied on by appellant, there was no satisfactory proof that any of Mrs. Woford's fund went into the payment of the land in question. The chancellor so found and we affirmed that finding. But in other cases where there was satisfactory proof, we have had no

hesitancy in refusing to divest a wife of property she was entitled to hold. See Deaton v. Deaton, 276 Ky. 31, 122 S. W. 2d 980, and Noonan v. Noonan, 206 Ky. 769, 268 S. W. 552.

Based on the evidence as it is before us, the court below granted the husband the divorce, but held the property to be jointly owned. The question is: Did this evidence support that judgment? Concerning this question we have the testimony of the appellant against that of the appellee. However, appellee's testimony is corroborated in a measure by the testimony of at least two other witnesses. Appellee testified that she was working at the time of her marriage in 1917 and that she had worked a number of years at different places since that time; that she put up $500 on the down payment for a house they purchased on Seneca; that she made numerous installment payments out of her own money; that she and her husband together, out of a joint savings account, made payment on the house in question; that she made other installment payments on the latter house; that the house on Seneca was sold and the money applied on the indebtedness against the house in question; that sometime in the early 1930's her husband was out of work but that she continued to work, and that the wages received were used for payment on the house and for living purposes.

She was corroborated in this by her sister who testified that on numerous occasions she was with her sister when she would go to the Building and Loan and make payments on their home.

A Mrs. Wright testified that appellee worked for her and as payment for her services received items of household goods, wearing apparel for her husband, and other necessities out of the store.

Against the above testimony is that of the appellant who admitted that his wife had worked but tried to minimize the time and set it at two or three years, but stated that she spent her money on clothes and diamond rings. He also admitted that the difficulties between them had arisen within the last three or four years. He denied, however, that appellee had applied even one cent toward the payment of the property jointly deeded to them.

Obviously, the above is sufficient to support the chancellor in his findings. In fact the evidence preponderates in favor of appellee. We will not disturb the chancellor's findings merely because the evidence is conflicting, or when the judgment has supporting evidence, or even when we are left in doubt. The cases supporting this rule are so numerous it is entirely unnecessary to cite them.

Wherefore, the judgment is affirmed.